IN THE UNITED STAES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONTINA GRAHAM, | ) |
| | ). Civil Case Number _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PUBLIX SUPERMARKETS, INC. | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR 12 PERSON JURY**

COMES NOW the Plaintiff, Contina Graham ("Graham☺ by and through her counsel of record and files this civil action, showing this honorable Court the following:

## **INTRODUCTION**

1.

This civil action arises from an incident, taking place on March 11, 2019, where Graham slipped, fell, and suffered multiple injuries. The slip and fall was the result of a foreign substance on the floor of the Defendant's store, a substance which should have been recognized and removed by the Defendant's employees.

## JURISDICTION & VENUE

2.

This Court has original jurisdiction over this matter in that the parties are diverse parties and the amount in controversy will exceed $75,000.00, all pursuant to 28 U.S.C. § 1332.

3.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391. The incident took place in Henry County, the Defendant's registered agent is in the Northern District of Georgia, and the Plaintiff resides in Henry County

## PARTIES

4.

Plaintiff Contina Graham ("Graham") is a resident of Georgia and is subject to the jurisdiction of this Court.

5.

Defendant Publix Super Markets, Inc. ("Publix") is a foreign profit corporation headquartered in Florida, but licensed to do business in Georgia. Publix nay be served with process through its registered agent, Corporate Creations Network, Inc., located 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

6.

Publix is subject to the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS**

7.

Paragraphs 1-7 are hereby incorporated and re-alleged as though fully set forth herein,

8.

On March 11, 2019, Gresham entered the Publix supermarket located at 909 Eagles Landing Parkway, Suite 300, Stockbridge, Georgia.

9.

Graham entered the store for the purpose of buying groceries.

10.

After Graham walked into the Publix, she accessed the restroom, located to the right of the entrance.

11.

After she exited the restroom, Graham walked towards the aisle, looking upwards at the signage to identify the correct aisle on which to begin.

12.

Before she accessed the aisle area, Graham suddenly slipped on a substance and fell to the floor.

13.

Graham's legs were positioned awkwardly after her fall.

14.

Graham, who instinctively placed her right hand out to break her fall, noticed an immediate sharp pain in her right wrist.

15.

Publix staff attempted to lift her from the floor, but Graham was in too much pain to move and she remained on the floor.

16.

A Publix incident report, written by Publix employees after the fall, noted that the substance on which Graham slipped was a sticky substance.

17.

A witness commented after the fall that the substance on which Graham slipped resembled chicken soup.

18.

The Publix deli area, which was several feet from the area where the fall took place, has self-serve chicken soup for customers to access.

19.

Emergency personnel arrived at Publix and transported Graham to Piedmont Henry Hospital, where doctors diagnosed Graham with a fractured right arm and contusions to her back and legs, with pain in her lower extremities.

20.

Doctors placed a splint on Graham's wrist, gave her pain meds and, after instructing her to not return to work for three days, sent her home.

21.

Graham followed her emergency room visit with an appointment with her primary care physician, who administered an injection of Toradol to reduce the pain in her wrist and her right knee.

22.

As the pain continued in her wrist and right knee, Graham visited Emory Orthopaedics, where medical professionals performed an MRI and confirmed that Graham sustained a fracture of the right wrist, as well as an injury to her right knee.

23.

Graham's follow-up treatment with Ortho-Atlanta confirmed that she had ligament tears in her right knee which would ultimately require surgery,

24.

Graham underwent surgery on her right knee in October 2019.

25.

Graham underwent a second surgery to the same knee several months after the initial surgery.

26.

Graham underwent months of rehabilitation to her right knee before and after each surgery.

27.

Medical professionals informed Graham that additional surgery may be necessary.

## **COUNT 1: NEGLIGENCE (O.C.G.A. § 51-3-2)**

28.

Paragraphs 1-27 are hereby incorporated and re-alleged as though fully set forth herein.

29.

Publix, as the owner/occupier of land owed a duty to invitees, like Graham, to exercise ordinary care and keep its premises safe from hazards of which it has superior knowledge or should have had superior knowledge.

30.

The substance on which Graham slipped had been on the floor long enough that Publix, through its employees, should have noticed the substance and cleaned it or advise customers of the danger.

31.

Publix breached its duty to Graham by failing to clean the substance from the floor or failing to warn Graham and other invitees that the substance was present,

32.

Publix's failure to remove the substance proximately resulted in Graham's slipping on the substance and falling to the ground, incurring multiple injuries.

33.

Graham's fractured wrist and injured knees, subsequent surgery and rehabilitation all flowed from Publix's breach of its duty.

## DAMAGES

34.

Paragraphs 1-23 are hereby incorporated and re-alleged as though fully set forth herein,

35.

Graham incurred physical pain and suffering, emotional pain and suffering, all of which she is entitled to recover in an award based on the enlightened conscience of an impartial jury.

36.

Graham has incurred past medical expenses totaling $35,000.00 for which she is entitled to recover.

37.

Graham may have future medical expenses associated with this claim for which she should be entitled to recover in an amount to be proven at trial.

Wherefore, the Plaintiff requests the following relief:

- A) A trial by a jury of twelve persons;
- B) That plaintiff be awarded compensatory damages for pain and suffering.
- C) That Plaintiff be awarded compensatory damages for past and future medical expenses;
- D) An award of attorney's fees and expenses of litigation and;
- E) Any other relief this Court deems proper and just.

Respectfully submitted this 10th day of March, 2021.

SIGNATURE PAGE FOLLOWS

          THE WATSON LAW FIRM, LLC

          /s/ Shofaetiyah D. Wats on
          Shofaetiyah D. Watson
          Georgia Bar No. 142027
          Attorney for Plaintiff

The Watson Law Firm, LLC
P.O. Box 6002
Atlanta, GA 31107
T: 678.884.9564
F: 404.551.5245
E: sdw@showatson.com